NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 1, 2013[*]
Decided October 7, 2013

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 13-2053 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| CLIFTON-JEREL: JONES, *Plaintiff-Appellant,* | |
| *v.* | |
| STATE OF INDIANA, *et al.*, *Defendants-Appellees.* | No. 1:12-cv-1501-WTL-MJD William T. Lawrence, *Judge.* |

**Order**

Clifton-Jerel: Jones sued the State of Indiana, the Madison Circuit Court, the Madison County Sheriff's Department, and Rodney J. Cummings, the Madison County Prosecutor—all but one of them organizations rather than natural persons. The claims under 42 U.S.C. §1983 have problems under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and when dismissing the complaint the district judge noted

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

others, including prosecutorial immunity, the Eleventh Amendment, and the statute of limitations.

The events leading to this suit began in 1999, when in a paternity action the court found Jones to be the child's father and ordered him to pay child support. His failure to obey this order led to two prosecutions for contempt of court, one in 2008 and another in 2012; each time the court ordered Jones imprisoned. Another conviction in 2008 led to a term of imprisonment for the crime of driving with a suspended license. Jones contends that during that imprisonment officers of the Sheriff's Department "violently" prevented him from praying.

In this suit Jones contends that the 1999 order violated his constitutional rights. His reasons are difficult to understand but need not be explored. To the extent that he contests the merits of that order, the *Rooker-Feldman* doctrine establishes that federal district courts lack subject-matter jurisdiction. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). To the extent that he attacks the prosecution and judgments imprisoning him for contempt, rather than the child-support orders themselves, damages or collateral review could in principle be available—though the fact that Jones is not currently in custody would prevent resort to 28 U.S.C. §2254.

According to Jones, prosecutor Cummings obstructed justice and committed other misconduct when instituting and pursuing the contempt charges. Any request for damages from the prosecutor on account of the acts about which Jones complains is blocked by prosecutorial immunity. See *Imbler v. Pachtman*, 424 U.S. 409 (1976). And a request for damages from the organizational defendants, which do not enjoy personal immunities, is blocked not only by *Monell* (which holds that organizations cannot be held vicariously liable for misconduct by their employees) but also by the principle that states and state agencies are not "persons" for the purpose of §1983 and equivalent statutes. See *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

A local entity, such as the Sheriff's Department, is a "person," but the only relevant acts by employees of the Sheriff's Department occurred more than two years before suit and therefore would have been barred by the statute of limitations, even if Jones had sued the persons who he asserts disrupted his prayer—which he did not. The Sheriff's Department prevails under *Monell* independent of any limitations defense. But we also agree with the district court that the suit is untimely with respect to the Sheriff's Department. Jones describes himself as too incompetent to have sued within the allowed time, but this self-serving declaration does not authorize equitable tolling. See *Behavioral Institute of Indiana, LLC v. Hobart City*, 406 F.3d 926, 932 (7th Cir. 2005); *Hoosier Bancorp v.*

*Rasmussen*, 90 F.3d 180, 182–83 (7th Cir. 1996). He has not been adjudicated as incompetent. He depicts himself as suffering travails, but personal difficulties differ from legal incompetence.

To the extent Jones seeks relief under Indiana law, he is in the wrong court. The Eleventh Amendment to the Constitution prevents federal courts from awarding relief, under state law, against states and their agencies. See *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 103–23 (1984).

Jones's other arguments have been considered but do not require discussion.

AFFIRMED